NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-181


MARION LEAL

VERSUS

JOSHUA OLIVIER

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 135127
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

AFFIRMED AS AMENDED.

Afif Jebara
Attorney at Law
1001 West Pinhook Road, Building B Suite 104
Lafayette, LA 70503
(337) 232-0055
COUNSEL FOR PLAINTIFF-APPELLANT:
    Marion Leal

Heather Duhon Moore
Attorney at Law
108 Church Alley
New Iberia, LA 70560
(337) 321-3245
COUNSEL FOR DEFENDANT-APPELLEE:
    Joshua Olivier

**PICKETT, Judge.**

Marion Leal appeals the judgment of the trial court dismissing her Petition for Protection from Abuse filed against Joshua Olivier, the father of her child.

## FACTS

Ms. Leal and Mr. Olivier are the parents of one daughter, who is nine years old. Pursuant to a consent judgment, they have joint custody of their daughter on a 2-3-2 schedule. On November 8, 2019, Ms. Leal filed a Petition for Protection from Abuse, accusing Mr. Olivier of threatening behavior toward her and hitting their daughter with a belt and leaving bruises. The trial court issued an *ex parte* Temporary Restraining Order and set a hearing for November 22, 2019, for Mr. Olivier to show cause why a Protective Order should not issue.

A hearing was held on November 22, 2019, at which both parties presented testimony and documentary evidence. At the conclusion of the hearing, the trial court denied the petition and dismissed Ms. Leal's case, finding she had failed to prove by a preponderance of the evidence that she was entitled to a protective order. Ms. Leal now appeals.

## ASSIGNMENT OF ERROR

Ms. Leal asserts two assignments of error:

1. The trial court applied the incorrect legal standard concerning the discipline of a minor child, and a de novo review of the record is necessary.

2. Even if a de novo review is not required, the trial court was manifestly erroneous in concluding that the appellant has not proven her case.

## DISCUSSION

When a party applies for a protective order pursuant to the Protection from Family Violence Act, he or she must prove the allegations of domestic abuse by a preponderance of the evidence. La.R.S. 46:2135(D). " 'Domestic abuse' includes

but is not limited to physical or sexual abuse and any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana . . . committed by one family member, household member, or dating partner against another. La.R.S. 46:2132(3).

The trial court may issue a protective order "to bring about a cessation of domestic abuse as defined in R.S. 46:2132, or the threat or danger thereof, to a party [or] any minor children[.]" La.R.S. 46:2136(A). By consent agreement or after a contradictory hearing, the trial court may issue a protective order. La.R.S. 2136(B). Relevant to this proceeding, the protective order can award temporary custody or establish temporary visitation rights and conditions with regard to minor children (La.R.S. 46:1236(A)(3)); order medical or mental health evaluation of the perpetrator (La.R.S. 46:1236(A)(4)(a)); and direct the defendant to refrain from abusing or harassing the petitioner or minor child (La.R.S. 46:2136(A)(1) and La.R.S. 46:2135(A)(1)). The trial court has wide discretion in the issuance of a protective order, and we review for abuse of that discretion. *Ned v. Laliberte*, 18-999 (La.App. 3 Cir. 6/26/19), 277 So.3d 517. However, where an error of law interdicts the fact-finding process, the appellate court must review the record de novo. *Evans v. Lungrin*, 97-541 (La.2/6/98), 708 So.2d 731. "A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id.* at 735 (citations omitted).

While Ms. Leal argued at the hearing that Mr. Olivier used abusive language in text messages and emails to her and injured her while she was pregnant with their daughter, the trial court found no merit to her claims and those issues are not raised in this appeal. The only issue raised in the appeal is the trial court's finding that Mr. Olivier did not use unreasonable force when spanking the child. Mr.

2

Olivier admits to spanking the child for disrespectful behavior, but denies he left any marks or used unreasonable force.

Ms. Leal testified that their daughter was with Mr. Olivier on November 4, 5, and 6, 2019. Ms. Leal picked her up from school on November 6, per the custody arrangement. Later that evening, the child complained of pain in her leg. She told her mother she had been whipped with a belt because she was not getting along with her father's girlfriend's children. Ms. Leal took her to her room, undressed her, and saw bruises on her thigh. The pictures she took of the bruise were entered into evidence. Ms. Leal took her daughter to the pediatrician the next day. The pediatrician advised her to file a police report. Ms. Leal took the child to the police station and spoke with an officer. Ms. Leal noted that her daughter referred to it as "crazy whipping day" in her diary.

Dr. Carlos Bruno, the pediatrician, testified as well. He testified that the only mark he saw on the child was a linear bruise along the right side of her lateral thigh that could be consistent with a belt mark. He did not think the child was lying about her injuries. He told Ms. Leal that he would report the injury to OCS because he is a mandatory reporter. On cross examination, Dr. Bruno testified that he could not say that it was definitely a belt that caused the injury.

Cortania Ruffin, an investigator for the Department of Children and Family Services, also testified at the hearing. She testified that the child told her she was "whooped" by her father because she was not getting along with her step-siblings. The child told Ms. Ruffin that it was the first time her father had whipped her since she was in Pre-K. Ms. Ruffin testified that the child told her she was hit five times with a belt on her bottom. Ms. Ruffin testified that the father admitted that he spanked the child for being disrespectful. Ms. Ruffin had completed her

investigation at the time of trial and turned her findings over to her supervisor to determine if any further action was warranted.

Mr. Olivier also testified at the hearing. He admitted that he spanked his daughter on November 5. He spanked her because she was disrespectful, she lied, she was rude, she misbehaved, and she misbehaved in school. He had a twenty-minute discussion with her before he spanked her with a belt. No one else was in the room with them. He spanked her four times across her butt. After he spanked her, he told her he loved her. Mr. Olivier testified he did not hit his daughter in the face. In denying that he ever physically abused Ms. Leal during their relationship, Mr. Olivier commented that he is six feet two inches tall and weighs about three hundred pounds. Mr. Olivier explained that the bruise on his daughter's leg could have come from gymnastics class.

"Parental authority includes rights and obligations of physical care, supervision, protection, discipline, and instruction of the child." La.Civ.Code art. 223. Louisiana Civil Code Article 228 provides: "Parents have the right and obligation to correct and discipline the child in a reasonable manner." Reasonable discipline of children by their parents is justifiable pursuant to La.R.S. 14:18. "In Louisiana, a parent is permitted to use corporal punishment to discipline a child provided it is done in a reasonable manner." *Griffith v. Latiolais*, 10-754, p. 21 (La. 10/19/10), 48 So.3d 1058, 1072. The trial court, then, must determine if the discipline was reasonable.

In this case, the trial court did not make a determination of reasonableness. The trial court determined that Mr. Olivier had a right to "whip" his daughter. He did not determine if the corporal punishment applied in this case was reasonable. As he applied the incorrect standard of law, we will review the case de novo.

4

Mr. Olivier admitted to hitting his daughter with a belt four times. This action by Mr. Olivier is the only explanation for the bruises found on his daughter's leg the next day. His conjecture that it may have happened at gymnastics class is not supported by any evidence. Mr. Olivier is a six-foot, two-inch, three-hundred-pound man. He hit his 104-pound nine-year-old daughter with a belt four times and caused visible bruising on her thigh that caused her pain for at least twenty-four hours. Mr. Olivier's attorney stated at the hearing of this matter that "if you spank your child and you leave bruises that it's not reasonable[.]" We find that Mr. Olivier's discipline of his daughter was unreasonable.

We next turn to the appropriate remedy for this action. There is no evidence that Mr. Olivier routinely used corporal punishment to discipline his daughter. Thus, we find the trial court did not err in refusing to grant a protective order. We do find, however, that it is appropriate to enjoin Mr. Olivier from using excessive corporal punishment to discipline his daughter in the future.

## CONCLUSION

The judgment of the trial court is amended to enjoin Mr. Olivier from using excessive corporal punishment to discipline his daughter. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed evenly to Ms. Leal and Mr. Olivier.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.